COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-167-CR

JAMES DALE CHAFIN APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 1 OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

On April 13, 2005, Appellant James Dale Chafin was charged with harassment.  On July 5, 2005, Appellant pled nolo contendere, and the trial court granted deferred adjudication and placed Appellant on community supervision for twelve months.  About ten months later, the State filed its first amended motion to proceed to an adjudication of guilt.  Appellant pled not true to the State’s allegations.  After a hearing on the motion, the trial court found that Appellant had violated the terms and conditions of his community supervision by failing to pay the monthly supervision fee; failing to pay a monthly payment toward his fine, court costs, and fees; failing to complete an anger management program; refusing to submit to a urinalysis; and failing to complete his community service.  The trial court adjudicated Appellant guilty of harassment and sentenced him to ninety days’ confinement in the Denton County Jail.

In a single issue, Appellant argues that the trial court erred by considering Appellant’s extraneous bad acts of telephone harassment in the punishment phase following his adjudication of guilt in the underlying harassment case.  Because the trial court did not err, we affirm the trial court’s judgment.

Appellant argues that the telephone harassment statute is unconstitutionally void for vagueness, and that, as a consequence, the trial court erred by considering evidence of telephone harassment in assessing punishment.  He also appears to argue that evidence of the extraneous telephone harassment is insufficient.  Appellant also suggests that the sentence is disproportionate to the conduct complained of.  Appellant does not challenge his adjudication or contend that he did not commit the violations.

In the punishment hearing, the trial court may consider all matters it deems relevant to sentencing.
(footnote: 2)  Appellant does not contest on appeal that he violated the terms and conditions of his community supervision by failing to pay a monthly supervision fee; failing to pay a monthly payment toward his fine, court costs, and fees; failing to complete an anger management program; refusing to submit to a urinalysis; and failing to complete his community service.

The testimony regarding the harassing nature of the telephone calls was admitted not as evidence of an offense but to show Appellant’s continued abusive conduct toward the complainant, his ex-wife.  Consequently, we hold that the trial court did not err either by admitting or by considering the evidence of Appellant’s extraneous acts of misconduct in assessing punishment.  We also hold that the punishment the trial court assessed is not excessive in light of the entire record of this case and the permissible range of punishment.
(footnote: 3) 

We overrule Appellant’s sole issue and affirm the trial court’s judgment.

LEE ANN DAUPHINOT

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  October 18, 2007

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Tex. Code Crim. Proc. Ann.
 art. 37.07, § 3(a)(1) (Vernon 2006).

3:
See
 
Tex. Penal Code Ann.
 §§ 12.22 (providing range of punishment of up to 180 days’ confinement and up to a $2000 fine for class B misdemeanors), 42.07(c) (providing that harassment is a class B misdemeanor) (Vernon 2003).